LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 • Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

Attorneys for Plaintiff John Fennessey

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1405 LAB BLM

| | |
|---|---|
| JOHN FENNESSEY, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS CORPORATION, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff is citizen of the state of California. Defendant General Motors Corporation is a corporation that is organized and existing under the laws of the state of Delaware and having its principal place of business in the state of Michigan.

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff John Fennessey.

4. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

## FIRST CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

5. On or about November 11, 2005, Plaintiff purchased a 2005 Chevrolet Corvette, VIN #1G1YY24UX55107905 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant. The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $59,398.02. The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

6. In connection with the purchase, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

7.   During the warranty period, the Vehicle contained or developed various defects, including but not limited to defects which cause the check engine light to illuminate, defects which cause premature wear of the brakes, defects which cause the vehicle to be hard to shift gears, defects causing the rear shock to come loose, and defects causing the slave cylinder to come apart.

8.   Pursuant to 15 U.S.C. § 2301 and pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

9.   The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

10.   On or about November 11, 2005, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

11.   Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In addition, Plaintiff seeks the remedies set forth in California Civil Code

section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

12. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

13. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF THE IMPLIED WARRANTY OF FITNESS
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

14. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

15. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

16. Pursuant to 15 U.S.C. § 2301 and pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

17. On or about November 11, 2005, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

18. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

19. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## BREACH OF EXPRESS WARRANTY
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

20. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

21. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

COMPLAINT; DEMAND FOR JURY TRIAL

22. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

23. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c) and 15 U.S.C. § 2310(d).

24. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO PROMPTLY REPURCHASE PRODUCT
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7, above.

26. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2).

27. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were

1   incorporated into the terms of the express warranty by operation of California law.
2   *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior*
3   *Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of
4   § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this
5   claim pursuant to 15 U.S.C. § 2310(d).

6       29.    Defendant's failure to comply with its obligations under § 1793.2(d)
7   was willful, in that Defendant and its representative were aware that they were
8   unable to service or repair the Vehicle to conform to the applicable express
9   warranties after a reasonable number of repair attempts, yet Defendant failed and
10  refused to promptly replace the Vehicle or make restitution despite Plaintiff's
11  demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's
12  actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

13      30.    Defendant does not maintain a qualified third-party dispute resolution
14  process which substantially complies with § 1793.22. Despite Defendant's
15  violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its
16  obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil
17  penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e)
18  and 15 U.S.C. § 2310(d).

19      31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and
20  (e) in the alternative and does not seek to cumulate civil penalties, as provided in §
21  1794(f).

22      32.    Defendant does not maintain an informal dispute resolution
23  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the
24  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FIFTH CLAIM FOR RELIEF
## BY PLAINTIFF AGAINST DEFENDANT
## FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS
## 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

33. Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

34. Although Plaintiff delivered the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

35. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

36. The provisions of Civil Code § 1793.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

37. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §
2  1794(c) and 15 U.S.C. § 2310(d).
3      38.   Defendant does not maintain an informal dispute resolution
4  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the
5  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SIXTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**CONVERSION**

9      39.   Plaintiff incorporates by reference the allegations contained in the
10 Fourth Claim for Relief, above.
11     40.   Plaintiff is the owner of and has an immediate right to possession of a
12 specific sum of money which is capable of identification. *Farmers Ins. Ex. v.
13 Zerin*, 53 Cal.App.4th 445, 451-52 (1997). Specifically, pursuant to Civil Code §
14 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the
15 Vehicle from Defendant.
16     41.   Instead of delivering the money to which Plaintiff is entitled to
17 Plaintiff, Defendant has wrongfully converted that money for its own use.
18     42.   As a result of Defendant's conversion, Plaintiff has suffered damages.
19     43.   Defendant's conduct was fraudulent, oppressive, and malicious, and
20 thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code
21 section 3294. Specifically, Defendant was aware of its obligation to make
22 restitution to Plaintiff and intentionally failed to do so. In addition, Defendant
23 falsely and intentionally misrepresented to Plaintiff that it was not obligated to
24 make restitution. Furthermore, Defendant is aware that Plaintiff has little choice
25 but to continue using the defective Vehicle, and Defendant intentionally refused to
26 make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use
27 is a reason to deny restitution to Plaintiff.
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $59,398.02.

2. For restitution to Plaintiff in the amount of $59,398.02.

3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $118,796.04, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $118,796.04, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

5. On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount of $118,796.04, which is two times Plaintiff's total damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

6. For any consequential and incidental damages.

7. For punitive damages in the amount of at least $100,000.

8. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

9. For prejudgment interest at the legal rate.

10. And for such other relief as the Court may deem proper.

DATED: July 29, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By: _____
MARTIN W. ANDERSON
Attorneys for Plaintiff John Fennessey

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

DATED: July 29, 2008

                        ANDERSON LAW FIRM
                        MARTIN W. ANDERSON
                        MICHAEL E. LINDSEY

By: _____
     MARTIN W. ANDERSON
Attorneys for Plaintiff John Fennessey

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN FENNESSEY

**DEFENDANTS**
GENERAL MOTORS CORPORATION

**FILED**
AUG 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____ (not a US Pltf case)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Anderson Law Firm, 2070 N. Tustin Ave., Santa Ana, CA 92705
Tel: (714) 516-2700

Attorneys (If Known)

**'08 CV 1405 LAB BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Consumer Warranty Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 515,786.14
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 07/29/2008
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 153545  AMOUNT $ 350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL  GAC 8/4/08

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 153595      - TC

         August 04, 2008
              09:12:23

           Civ Fil Non-Pris
    USAO #.: 08CV1405
    Judge..: LARRY A BURNS
    Amount.:                    $350.00 CK
    Check#.: BC1195


         Total->   $350.00


    FROM: JOHN FENNESSEY
            VS
          GENERAL MOTORS
```